64    APPELLATE COURTS OF ILLINOIS.

The Neville Illuminating Sign Co. v. Campbell, 168 Ill. App. 64.

The Neville Illuminating Sign Company, Defendant in Error, v. A. A. Campbell et al. A. A. Campbell, Plaintiff in Error.

Gen. No. 16,288.

CONTRACTS—*when full performance excused.* Held, in this case, that the failure of the defendant to perform its obligation to pay city inspection fees, put it out of the plaintiff's power to connect an electric sign which it had agreed to construct and put in operation without violating an ordinance and incurring a penalty and that the plaintiff notwithstanding its failure fully to perform was entitled to recover the contract price.

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 13, 1912.

ROBERT D. MELICK, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This writ of error is prosecuted by A. A. Campbell to reverse a judgment of the Municipal Court against him of sixty dollars for an alleged breach of his contract with defendant in error for the erection of an electric sign at 10 Sherman street, Chicago. The trial was had before the court without a jury.

The contract price of the sign was seventy dollars, ten dollars to be paid when the sign was hung in working order and the balance to be paid in six monthly payments, beginning with June 6, 1909. The contract further provided that in default of any payment that all of the remaining installments should at once become due and payable. It was further agreed that in case of default or failure to pay the full purchase price or any payments thereon, that plaintiff

in error would pay for the use of the sign while in his possession ten dollars per month, and that the written contract signed by the parties contained all agreements between them.

The evidence showed that defendant in error hung the sign and connected the same with the electric current in May or June, 1909, and that the first installment of ten dollars was paid by plaintiff in error, May 22, 1909, and that the remainder of the contract price was due under the contract by reason of his default in further payments as they came due. The ordinances of the city of Chicago, introduced in evidence, provide that the owner of such a sign shall pay for the use of the city an annual inspection fee, and that after a permit to erect such a sign has been issued and the sign erected under such permit, the applicant shall forthwith notify the city electrician, who shall cause an inspection of the same, and if found erected in accordance with the ordinance, such applicant shall be authorized in writing to operate and maintain the sign for one year. The ordinance also provides heavy penalties against any person or corporation who shall erect or maintain an electric sign or use any electric current in any sign in violation of the ordinance. Defendant in error caused such permit to erect said sign to be issued May 10, 1909, to plaintiff in error and guaranteed the payment of the fees therefor. The Edison Company disconnected the sign of plaintiff in error from the electric current, presumably because the inspection fees were not paid and permit to operate the same obtained.

Plaintiff in error contends that the defendant in error failed to perform its contract with him because it failed to pay the inspection fees and to obtain a permit to plaintiff in error to maintain and operate the sign, and because the sign was not connected with his meter.

The answer to this contention is that the written

contract does not obligate defendant in error to obtain the permit to operate the sign and to pay for the inspection fees. Guaranteeing to the city the payment of such fees did not create an obligation upon defendant in error to plaintiff in error to pay such fees. The contract only required the defendant in error to deliver and hang the sign in working order, and the implied duty of the plaintiff in error was to obtain the permit and pay the inspection fees and the contract price of the sign. The failure of the plaintiff in error to perform this obligation, put it out of the defendant in error's power to connect the sign with the meter and the electric current without violating the ordinance and incurring the penalty. Therefore, the failure of plaintiff in error to pay the installments on the contract as they came due, gave the defendant in error the option and the right to sue for, and recover, the unpaid balance of the contract price, and the fact that the sign was disconnected by the Edison Company constituted no defense to this suit.

The other contentions of plaintiff in error that the statement or pleading of the defendant in error was insufficient to support the judgment are without merit, and the judgment of the court is affirmed.

*Judgment affirmed.*